OPINION OF THE COURT
George Bundy Smith, J.
Defendant moves for an order declaring a mistrial and ordering a new trial. An indictment was filed against the defendant charging him with attempted robbery in the first degree in violation of sections 110.00 and 160.15 of the Penal Law. After a trial by jury, a verdict was rendered on January 22, 1980 convicting the defendant of attempted robbery in the first degree. The matter has been adjourned to February 26, 1980 for sentencing.
The basis of the defendant’s motion is the assertion that the prosecutor exercised his peremptory challenges by systematically excluding blacks and Hispanics from the jury in violation of sections 1 and 2 of article I of the New York State Constitution, section 500 of the Judiciary Law, and the Sixth and Fourteenth Amendments to the Constitution of the United States.
Jury selection commenced on January 14, 1980 and ended on January 17,1980. The first panel called consisted of 40 persons and the second panel consisted of 39 persons. When each panel was called and before members of that panel were placed in the jury box, a number of persons were excused for various reasons, including personal problems or attitudes which prevented them from serving on the jury.
*302 From the first panel of 40 persons, 28 persons were actually called to the jury box. Of this number, 3 were excused for cause, 9 were excused peremptorily by the People, 10 were excused peremptorily by the defendant, and 6 were seated as jurors in the case. Of the 9 peremptory challenges exercised by the People, 7 of the challenged jurors were black. Of the peremptory challenges exercised by the defendant, 1 of the challenged jurors was black.
From the second panel of 39 persons, 23 were called to the jury box. Of these, 2 were excused for cause, 6 were excused peremptorily by the People, 7 were excused peremptorily by the defendant, and 8 were seated as jurors in the case. Two of the 8 persons seated were alternates. Of the 6 peremptory challenges exercised by the People, 3 of the challenged jurors were black and 1 was Hispanic. Of the 7 peremptory challenges exercised by the defendant, 1 of the challenged jurors was black and 1 was Asian.
The jury as finally constituted contained one black as the second alternate. Neither of the two alternates actually deliberated on the case.
In support of the motion defendant contends that the prosecutor’s systematic exclusion of blacks and Hispanics through the exercise of the peremptory challenge deprived the defendant of his constitutional and statutory rights guaranteed under sections 1 and 2 of article I of the New York State Constitution, section 500 of the Judiciary Law, and the Sixth and Fourteenth Amendments to the Constitution of the United States. Defendant makes the following arguments: First, the prosecution’s improper use of the peremptory challenge bars a person from service just as effectively as de jure or de facto methods used to restrain or hinder jury service based on race, sex, and national origin. Second, the constitutional right to a jury trial by one’s peers is a right to select those peers from a venire drawn from a representative cross section of the community to ensure “diffused impartiality.” Selective use of the peremptory challenge exercised solely against a specific group subverts the defendant’s right to a jury by his peers. Third, use of the peremptory challenge, to further group bias vitiates the defendant’s rights under the Sixth and Fourteenth Amendments to the United States Constitution.
*303 In opposition to the motion, the People argue that defendant has no constitutional right to inquire into their exercise of the peremptory challenge. Absent a showing that there has been serious abuse of the challenge over a period of time, no inquiry can be permitted into a prosecutor’s motive for the exercise of his peremptory challenges.
The first issue here is whether or not a challenge can be made to a prosecutor’s use of the peremptory challenge absent a showing of the exclusion of blacks from juries over a period of time.
Research has failed to reveal any appellate authority in New York State on the subject. However, section 1 of article I of the New York State Constitution and section 500 of the Judiciary Law are strong support for the position that any systematic exclusion of persons from juries on the basis of race by the prosecutor or the defendant could not go unchallenged. Both sections cited guarantee to an individual a trial by his peers, fairly chosen from a cross section of the community.
Section 1 of article I of the New York State Constitution reads, in part, as follows: “No member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers”.
Section 500 of the Judiciary Law reads as follows: “It is the policy of this state that all litigants in the courts of this state entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the county or other governmental subdivision wherein the court convenes; and that all eligible citizens shall have the opportunity to serve on grand and petit juries in the courts of this state, and shall have an obligation to serve when summoned for that purpose, unless exempted, disqualified or excused.” The exclusion of a group on the sole basis of race, whether from a particular case, or a series of cases over a long period of time is in violation of the policy declared by section 1 of article I of the New York State Constitution and section 500 of the Judiciary Law.
*304 Several cases in other States have addressed the problem presented here.
In People v Wheeler (22 Cal 3d 258), the Supreme Court of California set aside two convictions for felony murder on the grounds that the prosecutor’s use of peremptory challenges to remove prospective black jurors because of group bias denied them the right to a trial by an impartial jury guaranteed by the State Constitution. A new trial was ordered. Defendants, both black, were tried before an all white jury. The prosecutor exercised his peremptory challenges to strike all the blacks from the jury. The court held that under the California Constitution, the use of the peremptory challenges to remove prospective jurors on the sole ground of group bias violated the right to trial by a jury drawn from a representative cross section of the community under the California Constitution. The court found further that the defendants had made a prima facie showing that the prosecutor was exercising peremptory challenges against blacks solely on the basis of group bias and that the prosecutor should have been required to respond to the showing by some indication that the challenges were based on specific bias.
In People v Allen (23 Cal 3d 286) the Supreme Court of California reversed a judgment convicting two black defendants of aggravated assault on the ground that the prosecution had exercised its peremptory challenges against black persons solely on the ground of group bias, thereby violating defendants’ State constitutional rights. A new trial was ordered. During the voir dire proceedings the prosecutor continually exercised peremptory challenges to remove blacks who were passed for cause. The prosecutor continued to challenge blacks to whom he had addressed few if any questions. Defendants objected to this practice on the ground that they would not be tried by a truly representative jury, but their objection was overruled. The court held that defendants made out a prima facie showing that the prosecution was exercising its peremptory challenges in a discriminatory manner against blacks. The prosecution’s failure to come forward with evidence to show that the challenges were exercised in a manner *305 reasonably relevant to the case required a reversal and a new trial.
In Commonwealth v Soares (_Mass_, 387 NE2d 499), the Supreme Judicial Court of Massachusetts reversed the murder convictions of three persons on the grounds that the defendants had made a prima facie showing that blacks had been excluded solely on the basis of their group membership and had thus shifted to the prosecution the burden of showing that the jurors had been excluded for particular reasons.
The case of Swain v Alabama (380 US 202) does not require a different result. In that case the Supreme Court of the United States held that there was no denial of the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States where a prosecutor had challenged peremptorily all of the blacks in the jury panel in a rape case. The court held further that a prima facie case of jury discrimination could be made out if blacks were peremptorily and systematically challenged by the prosecutor over a period of time. The Swain case differs from the present case in that defendant Boone’s claim is being made under the New York State Constitution and laws.
A second issue presented here is whether the defendant should be permitted to complain at this point about the systematic exclusion of blacks from the jury by the prosecutor. In the court’s opinion the challenge is untimely. The defendant’s first protest against the prosecutor’s conduct came only after 12 regular jurors and one alternate had been sworn in as members of the jury and after the prosecutor had exhausted his challenges to the one alternate seat left to be filled. Moreover, before each person was sworn in as a juror in the case, the defendant was asked whether that juror was satisfactory and replied in the affirmative. These two factors, the timing of the challenge and the defendant’s own expression of satisfaction, are sufficient reasons to reject the defendant’s argument here. In the cases previously discussed, which have upheld challenges to the systematic exclusion of blacks by prosecutors, the challenge was made early in the proceedings.
*306 It is significant here that an early challenge would have permitted an accurate and complete record of the races of the jurors, and of the reasons for the prosecutor’s peremptory challenges. Before jury selection commenced, the defendant’s attorney asked that the voir dire be recorded and that request was granted. However, in general, no reference to the race of the particular juror appears in that record. The references to the numbers of blacks, Hispanics, and Asians challenged are taken from the notes which this Judge made during jury selection. Moreover, an early challenge would have permitted the prosecutor to respond with reasons for excluding particular persons from the jury. (People v Wheeler, 22 Cal 3d 258, supra; Commonwealth v Soares,_Mass_, 387 NE2d 499, supra.)
Accordingly defendant’s motion is denied.